MATTER OF SIEMENS MEDICAL SYSTEMS, INC.

In Visa Petition Proceedings

DEN-N-8540

*Decided by Commissioner March 31, 1986*

(1) Where each of two corporations (parents) owns and controls 50 percent of a third corporation (joint venture), the joint venture is a subsidiary of each of the parents for purposes of section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(L) (1982). *Matter of Hughes*, 18 I&N Dec. 289 (Comm. 1982) clarified.

(2) Each parent, through ownership and control of 50 percent of the voting shares of the joint venture, has the power to prevent action by that company through exercise of its veto power; hence, each parent "negatively" controls that company.

(3) All agreements between the parents relating to voting of the shares, distribution of profits, management and direction of the subsidiary, and similar factors which affect actual control over 50 percent of the subsidiary must be identified. Unless such agreements restrict the actual control of one parent, the 50-percent ownership will be deemed per se control.

ON BEHALF OF PETITIONER: Martin R. Greenberg, Esquire
60 East 42nd Street
New York, New York 10165

This appeal is before the Commissioner from the February 27, 1985, decision of the district director denying the visa petition to classify the beneficiary under section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. § 101(a)(15)(L) (1982). The district director found that the petitioner had failed to establish an affiliation with the beneficiary's foreign employer. The appeal will be sustained.

I. *FACTS*

The petitioner, Siemens Medical Systems, Inc., seeks to classify the beneficiary as an intracompany transferee under section 101(a)(15)(L) of the Act to enable the beneficiary to provide services as a senior technical representative for medical x-ray equipment for its operation in the United States. Section 101(a)(15)(L) requires the beneficiary to be coming to the United States to continue em-

ployment in a managerial, executive, or specialized knowledge capacity with the same employer, its parent, branch, subsidiary, or affiliate with which the beneficiary was continuously employed abroad for the immediate prior year.

The petitioner is a United States wholly-owned subsidiary of Siemens AG, a multinational corporation headquartered in West Germany, and is involved in the development and sale of medical and dental equipment and systems. The beneficiary was employed as an x-ray engineer by wholly-owned subsidiaries of Siemens AG from 1975 until 1982. In July 1982, the beneficiary was transferred to Hospitalia International GmbH, a 50–50 joint venture between Siemens AG and Phillips International, to work on an x-ray maintenance project at King Hussein Medical Center, Amman, Jordan. After the project terminated in January 1985, he was reassigned to Siemens AG headquarters.

## II. *CASE HISTORY, DECISION, AND APPEAL*

The petition was filed on February 14, 1985. On February 27, 1985, the district director denied the petition after determining, following *Matter of Hughes*, 18 I&N Dec. 289 (Comm. 1982), that the petitioner submitted no evidence that Siemens AG controls Hospitalia International and, therefore, failed to establish that affiliation exists between Siemens Medical Systems and Hospitalia International. On April 15, 1985, the petitioner filed a motion to reopen and reconsider in which it argued that the beneficiary's identity as an employee of Siemens AG was not terminated or otherwise affected by his assignment to Hospitalia. The district director denied the motion, noting that there is nothing in the record to indicate that the beneficiary should be considered an employee of Siemens during the time he was at Hospitalia; nor is there evidence that Siemens exercises control over the management or policies of Hospitalia, which is required for affiliation.

On appeal, the petitioner contends that a qualifying affiliation under the statute exists between itself and Hospitalia through Siemens AG and makes the following argument:

Control does not nor should not mean *total* control. In the case at hand, it has previously been documented that Siemens AG supplies most of the technical personnel to Hospitalia International and owns 50% of the assets and 50% of the outstanding shares of stock in Hospitalia International. These three items, as indicated in the above section, should be sufficient to show control in order to establish affiliation as is defined under the immigration laws. However, it should be further noted that Siemens AG also participates in profits from Hospitalia International on a 50–50 basis; Hospitalia International's board of directors is comprised by 50% of people from Siemens AG; Hospitalia International does not man-

ufacture equipment, but installs all necessities used in hospitals—to wit, beds, x-ray machinery, and other diagnostic equipment. The medical equipment used by Hospitalia International in the equipping of these hospitals is manufactured by Siemens AG.

The petitioner also notes that the beneficiary's identity as an employee of Siemens AG remained constant despite the beneficiary's assignment to Hospitalia. When the beneficiary went to Hospitalia International, he was *assigned* by Siemens AG and did not seek employment with Hospitalia International on his own volition and, at the end of his term with Hospitalia International, remained an employee of Siemens AG.

## III. *ANALYSIS AND CONCLUSION*

Classification under section 101(a)(15)(L) of the Act requires consideration of several factors including, among others, whether or not there is a qualifying relationship between the petitioner and the entity from which the beneficiary will be transferred; whether or not the beneficiary has been employed abroad continuously for the immediate prior year in a managerial, executive, or specialized knowledge capacity by a parent, branch, subsidiary, or affiliate of the petitioner; and whether the proposed employment in the United States will be in a qualifying capacity.

## A. *RELATIONSHIP BETWEEN THE ENTITIES*

In this case, it must be established that there is a qualifying relationship between Siemens Medical Systems, Inc. (a wholly-owned subsidiary of Siemens AG) and Hospitalia International GmbH (a 50–50 joint venture established by Siemens AG and Phillips International).

The Service will accept the interpretation that a 50–50 joint venture creates a subsidiary relationship for purposes of section 101(a)(15)(L) of the Act. Where each of two corporations (parents) owns and controls 50 percent of a third corporation (joint venture), the joint venture is a subsidiary of each of the parents. There is no majority control, but where each parent through ownership and control of 50 percent of the voting shares of the joint venture has the power to prevent action by that company through exercise of its veto power, it "negatively" controls that company. That company is, therefore, properly regarded as a subsidiary of each parent.

The petitioner has the burden of establishing that the parent owns and controls 50 percent of the claimed subsidiary. To enable the Service to determine whether de facto control exists, the peti-

tion must identify all agreements between the parents relating to voting of the shares, management and direction of the subsidiary, and similar factors which affect actual control over 50 percent of the subsidiary. Unless such agreements restrict actual control of one parent, the 50-percent ownership will be deemed per se control.

The petitioner has provided sufficient evidence to establish that Hospitalia is a subsidiary of Siemens AG. The evidence shows that Siemens AG has de facto control over 50 percent of the voting shares. It jointly manages the joint venture, shares equally in its profits, and manufactures the equipment sold and installed by Hospitalia. Since Siemens Medical Systems, Inc. is a subsidiary of Siemens AG, it is an affiliate of Hospitalia. The subsidiary and affiliate relationships in this case conform to the holdings of *Matter of Hughes, supra,* where it was held that (1) the term "subsidiary" is a more specific form of affiliation in which the company so described is subordinate to the control of another, and (2) the term "affiliate" is sometimes more specifically used to describe the relationship between *two companies which have no direct linkage, but are directed,* controlled, and at least partially owned by the same parent corporation. We conclude that there is a qualifying relationship for purposes of section 101(a)(15)(L) of the Act between the petitioner and the beneficiary's employers abroad.

## B. *BENEFICIARY'S EMPLOYMENT*

It is evident from the facts of the case that the beneficiary had been employed abroad continuously by subsidiaries of the same parent corporation since 1975 until his reassignment to that parent in January 1985. His employment was in a specialized knowledge capacity and the proposed employment in the United States will be in a specialized knowledge capacity. It has been established that the beneficiary's employment qualifies him for classification under section 101(a)(15)(L) of the Act.

**ORDER:** The appeal is sustained. The decision of the district director is withdrawn and the petition is approved.